IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA HIRST, MOLLY STOVER, and EMILY STROBLE SZE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>SKYWEST, INC. and SKYWEST AIRLINES, INC.<br>        Defendants. | Case No.: 1:15−cv−02036<br><br>Honorable John J. Tharp Jr.<br><br>Magistrate Judge Jeffrey T. Gilbert |
| CHERYL TAPP, RENEE SITAVICH, SARAH HUDSON, BRANDON COLSON, and BRÜNO LOZANO, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>SKYWEST, INC. and SKYWEST AIRLINES, INC.,<br><br>        Defendants. | Case No.: 1:15−cv−11117<br><br>Honorable John J. Tharp Jr.<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR 28 USC § 1404(A) TRANSFER**

    Plaintiffs Andrea Hirst, Molly Stover, and Emily Stroble Sze of the above-captioned *Hirst* case, and Plaintiffs Cheryl Tapp, Renee Sitavich, Sarah Hudson, Brandon Colson, and Brüno Lozano of the above-captioned *Tapp* case (collectively, "Plaintiffs"), respectfully submit this

1

Memorandum in support of their motion for 20 USC § 1404(a) transfer to the Northern District of California.

I. **Procedural History**

The *Hirst* matter was originally filed in this Court on March 6, 2015 and included both Fair Labor Standards Act ("FLSA") collective action claims and Illinois wage claims. The *Tapp* matter was filed on November 9, 2015 in the Northern District of California (Case No. 3:15-cv-05146). Originally, the only overlapping claims between *Hirst* and *Tapp* were for violations of FLSA. The *Tapp* complaint included wage and hour claims arising under California, Arizona, and Washington state laws, as well as alleging claims for unfair business practices under California law.

Pursuant to 28 USC § 1404(a), SkyWest immediately sought to transfer the *Tapp* matter to be coordinated with *Hirst*. At the time, Plaintiffs stipulated to the transfer based upon *Hirst* and *Tapp* having common federal wage law claims. The transfer was ordered on December 9, 2015. *Tapp* ECF No. 22. Since that date, the *Hirst* and *Tapp* matters have been concurrently litigated in this Court. Virtually all that has been litigated in both cases are Rule 12(b)(6) motions to dismiss and disputes related to the limited discovery permitted by the Court. No Rule 26(f) scheduling conference has occurred, no initial disclosures have been served, and the only discovery that has been permitted by the Court has been limited to Plaintiffs' own employment records.

On November 30, 2017, this Court dismissed all FLSA claims in both cases, as well as finding that the dormant Commerce Clause precluded all state wage claims for flight attendants. ECF No. 107. Plaintiffs appealed that order, and the Seventh Circuit Court of Appeals affirmed dismissal of the FLSA claims. However, the Seventh Circuit reversed and remanded the dormant Commerce Clause holding, thereby reviving all state wage and unfair business practices claims. ECF No. 120. Both SkyWest and Plaintiffs filed petitions for writs of certiorari to the United States

Supreme Court, both of which were denied. ECF No. 130. The stay on this matter ended on June 27, 2019, not yet two months ago. ECF No. 131.

To date, this Court has not substantively considered a single state law claim in either *Hirst* or *Tapp*. Instead, in its two Rule 12 opinions (ECF Nos. 63 and 107), the Court found that compliance would overburden SkyWest and violate the dormant Commerce Clause. ("In view of this ruling, it is not necessary to consider SkyWest's arguments against the applicability of each of the state and local wage laws on which various plaintiffs have asserted claims." ECF No. 107, at 29 n.18).

Most recently, SkyWest has filed a motion with the Judicial Panel on Multidistrict Litigation seeking to transfer the *Wilson* matter to this Court after the Northern District of California court made it clear that transfer of *Wilson* on the basis of 28 U.S.C. § 1404(a) would fail as a matter of law. *See Wilson* ECF No. 24. SkyWest withdrew its § 1404(a) motion in that matter and indicated that it would seek the same result via an MDL. *Wilson* ECF No. 25. On August 15, 2019, Plaintiffs in both *Hirst* and *Tapp* filed a motion for leave to amend their complaints, which are currently pending in this Court, *Hirst* ECF Nos. 137, 138; *Tapp* ECF Nos. 125, 126, which, given the procedural posture of these cases, should be freely granted. Fed. R. Civ. P. Rule 15(a)(2). Plaintiffs now seek the transfer of *Hirst* and *Tapp* to the Northern District of California.

**II.** **Pending Claims in the *Hirst* and *Tapp* Matters**

Assuming that leave to amend will be granted by this Court, two claims brought by three plaintiffs are currently pending in the *Hirst* matter: 1) Illinois Minimum Wage Law Violations, and 2) California minimum wage violations for time that Illinois flight attendants spent working on the ground in California. ECF No. 137-2. In contrast, the *Tapp* matter (originally brought in

the Northern District of California) includes five plaintiffs bringing ten legal claims, all of which relate to states in the Ninth Circuit, namely California, Washington, and Arizona. Of those ten legal claims, six are based on violations of California statutes and a local ordinance. One of the California plaintiffs, who was later based in Washington, also brings two claims for violations of Washington wage laws, and the last plaintiff brings two claims for violations of Arizona's wage laws, as shown in the *Hirst* and *Tapp* Claim Chart below.

### *HIRST* AND *TAPP* CLAIMS CHART

| STATE/LOCALITY | CLAIMS | PLAINTIFFS |
| --- | --- | --- |
| Illinois | **Illinois Minimum Wage Law** <br> 820 ILCS 105/1 *et seq.* | Hirst, Stover |
| California | **Failure to Pay Minimum Wages in Violation of California Law** <br> Cal. Wage Order No. 9; Cal. Labor Code §§ 1182.12, 1194, and 1194.2 | All 8 plaintiffs *Hirst* and *Tapp* |
| California | **Failure to Pay Overtime Wages in Violation of California Law** <br> California Labor Code §§ 510 and 1198 | Tapp, Sitavich, Hudson, Lozano |
| California | **Waiting Time Penalties** <br> Cal. Labor Code §§ 201, 202, 203 and 204 | Sitavich, Hudson, Lozano |
| California | **Failure to Provide Itemized Wage Statements** <br> Cal. Labor Code § 226 | Tapp, Sitavich, Hudson, Lozano |
| California | **California Unfair Competition Law** <br> Cal. Bus. & Prof. Code §§ 17200 et seq. | Tapp, Sitavich, Hudson, Lozano |
| Los Angeles, California | **Los Angeles' Living Wage Ordinance** <br> Los Angeles Admin. Code § 10.37 *et seq.* | Tapp |
| Arizona | **Arizona Wage Act** <br> A.R.S. § 23-350, *et seq.* | Colson |
| Arizona | **Arizona Minimum Wage Act** <br> A.R.S. § 23-363, *et seq.* | Colson |
| Washington | **Washington Minimum Wage Act** <br> R.W.C. Title 49, Ch. 49.46, *et seq.* | Lozano |
| Washington | **Washington Minimum Wage Act, Overtime Wages** <br> R.W.C. § 49.46.130 | Lozano |

Although the *Wilson* case is not at issue in this motion to transfer and that case has no overlapping counsel or plaintiffs, the claims made in that matter further demonstrate the wisdom

of transferring *Hirst* and *Tapp* to the Northern District of California. Depending on the outcome of the *Hirst* and *Tapp* motions for leave to amend, only two or three of the *Wilson* claims overlap. The rest are wholly new California claims brought on behalf of California plaintiffs and class members. *See Wilson* Claims Chart, attached as Exhibit A.

**III.** **Argument**

    A. **Legal Standard**

A transfer pursuant to 28 U.S.C. § 1404(a) may be granted by the court "[f]or the convenience of parties and witnesses, [and] in the interest of justice," so long as it is transferred "to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a). A court has broad discretion to transfer cases under Section 1404(a) and must consider factors including each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each district, and the relationship of each community to the controversy. *Buerger v. Ellis*, 740 F. App'x 500, 501 (7th Cir. 2018) (citing *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010)). "The resolution of any transfer motion necessarily is dependent largely upon the facts of each particular case." *Adair v. Hunt Int'l Res. Corp.*, 526 F. Supp. 736, 742 (N.D. Ill. 1981)

Once venue is determined to be proper in both districts, the court must consider private factors relating to "the convenience of the parties and witnesses" and public factors relating to "the interest of justice." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The private factors include: (1) plaintiffs' choice of forum; (2) the situs of material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *See, e.g., Ellis Corp. v. Jensen USA, Inc.*, No. 02 C 7380, 2003 U.S. Dist. LEXIS 15811, at *5 (N.D. Ill. Sep. 2, 2003).

5

The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. *Research Automation,* 626 F.3d at 978 (citing *Van Dusen v. Barrack,* 376 U.S. 612, 626-27 (1964)). "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation,* 626 F.3d at 978.

In exercising such discretion, courts in both California and Illinois recognize the importance of considering whether the interests of justice dictate a transfer of venue where there is the pendency of a related case in the transferee forum (as the *Wilson* case is here). *Adair v. Hunt Intern. Res. Corp.*, 526 F. Supp. 736, 742 (N.D. Ill. 1981); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013).

Each of the above factors, if relevant, should be considered, but in cases such as this, where the pending actions will continue regardless of transfer, another potentially dispositive factor must be considered: the significant burden on limited judicial resources if transfer is denied. *Burns v. Gerber Prods. Co.*, 922 F. Supp. 2d 1168, 1171 (E.D. Wash. 2013). "Concerns over judicial efficiency are paramount in situations such as this." *Id.* (quoting *Johansson v. Cent. Garden & Pet Co.*, No. C 10-03771 MEJ, 2010 U.S. Dist. LEXIS 130499, at *9 (N.D. Cal. Dec. 2, 2010)).

In *Burns v. Gerber Prods. Co.*, an "MDL Panel initially denied consolidation under 28 U.S.C. § 1407, finding instead that 'where a reasonable prospect exists that resolution of [§] 1404 motions could eliminate the multidistrict character of a litigation, transfer under [§] 1404 is preferable.'" 922 F. Supp. 2d 1168 at 1170. Although some cases, including *Burns*, follow the "first to file" rule when determining whether to transfer a case, "[t]he Seventh Circuit . . . does

6

not rigidly adhere to a 'first to file' rule." *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (citations omitted). Later-filed actions "may proceed where favored by the interests of justice." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004).

> B. **Transfer of the *Hirst* and *Tapp* Cases is Appropriate Under Section 1404(a).**
>
> 1. **Venue is proper in the Northern District of California.**

Venue in the Northern District of California over the *Tapp* matter was unquestioned—and unquestionable—before that matter was transferred to the Northern District of Illinois. California plaintiffs brought California claims in the state and district where SkyWest employed them. *See generally Tapp* ECF No. 1. Venue was and still is proper pursuant to 28 U.S.C. § 1391 because SkyWest conducts business within the Northern District of California, has agents within that district, transacts its affairs in that district, and because a substantial part of the events or omissions giving rise to the *Tapp* claims occurred in that district.

As the *Wilson* case demonstrates, the *Tapp* action would have been at home in the Northern District of California had a Section 1404(a) transfer not been stipulated to in late 2015. The Northern District of California has personal and subject matter jurisdiction and venue is proper; thus, transfer to that district is appropriate. The *Hirst* matter can be transferred to the Northern District of California for the same reasons as the *Tapp* transfer to this District was originally permitted, by stipulation, but the *Hirst* matter, assuming leave to amend is granted, now includes viable California wage claims under the same statutory authority as the *Tapp* matter.

### 2. The "convenience factors" weigh in favor of transfer.

The weighing of "convenience factors" for and against transfer "necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the court." *Schwarz*, 317 F. Supp. 2d at 835. Here, the convenience factors weigh in favor of transfer.

#### a. Plaintiffs' choice of forum.

"A plaintiff's choice of forum is entitled to substantial weight under section 1404(a), particularly where it is also the plaintiff's home forum." *Schwarz*, 317 F. Supp. 2d at 835. However, when an individual (or individuals) represent a class, the named plaintiff's choice of forum is somewhat diminished. *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 U.S. Dist. LEXIS 34676, at *6 (N.D. Ill. Mar. 18, 2014) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). In *Sojka*, the court slightly favored the home district of three of the four plaintiffs in the class action. *Id.*

In *Hirst,* two out of three Plaintiffs (Stover and Sze) still reside in Illinois. *Hirst* ECF No. 85 ¶¶ 16, 17. The last Plaintiff does not. *Id.* at ¶ 15. In *Tapp*, three out of five Plaintiffs (Tapp, Sitavich, and Hudson) reside in California. *Tapp* ECF No. 73 ¶¶ 22-24. The other two Plaintiffs live in other states, with one Plaintiff nonetheless residing within the Ninth Circuit in Arizona. *Id.* ¶¶ 25, 26. As indicated by this motion, both the *Hirst* and the *Tapp* Plaintiffs favor a Section 1404 transfer to California. The Plaintiffs' choice of forum favors the Northern District of California.

#### b. The situs of material events.

Four out of the eight Plaintiffs in the *Hirst* and *Tapp* cases were based in San Francisco, Los Angeles, or Fresno, California (*see generally Tapp* ECF No. 73), and three out of the eight were based in Chicago (*see generally Hirst* ECF No. 85). However, as shown in the Claims Chart above, and as described in minute-by-minute details in the proposed amended complaints, every

8

Plaintiff in both cases pending before this Court have "on the ground" claims for unpaid wages based on the minimum wage laws of California. *See Hirst* ECF No. 137-1 ¶¶ 147-57; *Tapp* ECF No. 125-1 ¶¶ 144-55. That, along with the bulk of the legal claims per Plaintiff being based upon California statutes and ordinances (*see Hirst and Tapp* Claim Chart), suggests that the situs of material events weighs heavily in favor of transfer of these cases to the Northern District of California.

### c. The relative ease and access to sources of proof.

Most of the evidence and proof in these matters is likely to be testimonial or scheduling and payroll documents that, although voluminous and complex, are easily accessible electronically. Therefore, this factor is neutral except as described below relating to the convenience of parties and witnesses.

### d. The convenience of the parties and witnesses.

Here, the majority of the witnesses expected to testify will be either class members, who are parties, or employees of SkyWest. For the convenience of the Plaintiffs, this factor weighs in favor of transfer. More of the Plaintiffs (Tapp, Sitavich, and Hudson) reside in California than in any other single place. *Tapp* ECF No. 73 ¶¶ 22-24.

Likewise, the overwhelming majority of the witnesses in this case (for both SkyWest and Plaintiffs) are likely to be current or former SkyWest employees and supervisors, as well as SkyWest management members, many of whom are likely to be employed at its California bases or in St. George, Utah at SkyWest's headquarters. The flight distance from St. George, Utah (where SkyWest is headquartered) to San Francisco (the location of the Northern District of California) is merely 488 air miles, whereas the distance from St. George, Utah to Chicago (the location of this

9

Court) is 1420 miles. For SkyWest and Plaintiffs alike, transfer to California is more convenient for witnesses and parties.

Other than expert witnesses and former SkyWest employees, few other witnesses are likely. If anything, this factor favors transfer to avoid duplicative testimony and waste of judicial resources. It is manifestly unfair to all parties and witnesses to expect them to travel to Chicago for the *Hirst* and *Tapp* actions, and then to have travel to San Francisco (and testify a second time) for the *Wilson* action. Since SkyWest has abandoned its Section 1404(a) motion in the *Wilson* case, the most logical and expeditious course of action is for all matters to be heard in the Northern District of California, where *Wilson* is pending and *Tapp* was originally filed. In addition, SkyWest currently has twenty flight attendant bases, five of which are located in California, which is more than any other single state. *See* SkyWest Flight Attendant Bases, Exhibit B. Only one base is located in the State of Illinois. *Id.*

SkyWest must already defend itself against similar California law claims in *Wilson*, so it is clearly more convenient for SkyWest to avoid defending itself in separate actions in different states. And if the actions pending in this Court are not transferred, SkyWest will still have to undergo duplicative discovery, including repetitive depositions for the same SkyWest witnesses absent an MDL. Additionally, as all of SkyWest's corporate witnesses and hundreds of the named and putative Plaintiffs are current SkyWest employees, the disruption to SkyWest's business as witnesses take time off to travel and testify at trial in two separate jurisdictions favors transfer. *See Actmedia, Inc. v. Ferrante*, 623 F. Supp. 42, 44 (S.D.N.Y. 1985) (whether litigation will cause undue disruption to business is a factor deserving of consideration in the transfer analysis). SkyWest's headquarters' proximity to the Northern District of California and its huge number of

bases in California weigh in favor of transfer. The convenience of parties and witnesses weighs heavily in favor of consolidation of all three cases in the Northern District of California.

> e. **Consolidation of discovery favors transferring these cases to the Northern District of California.**

SkyWest, in its original Section 1404(a) motion in the *Tapp* case, as well as in its later-withdrawn Section 1404(a) motion in the *Wilson* case, repeatedly argues against duplicative discovery in two separate jurisdictions. Plaintiffs agree. And since significant discovery has not yet begun in the Northern District of Illinois, and no Rule 26 scheduling order is in place in the Northern District of Illinois even after over four years of litigation, a transfer would not cause undue delay and, more importantly, would eliminate the need for an MDL. The state claims – arising under Illinois, Washington, Arizona and California law – all arise out of the same pay practices, such that coordination of these matters in the Northern District of California reduces redundancy.

The duplication of documentation and witness testimony that SkyWest seeks to avoid through its request for an MDL can be better prevented through the Section 1404(a) transfer of the *Hirst* and *Tapp* matters to the Northern District of California.

> 3. **The "interest of justice" factors weigh strongly in favor of transfer.**
>
>> a. **The congestion of each court is non-issue, but likely speed to trial weighs heavily in favor of transfer.**

The congestion of the Northern District of California is not significantly different from that in the Northern District of Illinois. According to the Federal Court Management Statistics District Profiles (as of June 2019), the average time from filing to disposition and filing to trial of a civil case in the Northern District of Illinois is 7.6 and 36.7 months, respectively. In the Northern

11

District of California, the average months for filing to disposition and filing to trial are 8.5 and 25.3 months, making the efficiency of litigation not significantly different between the districts. This factor weighs slightly in favor of transfer due to the shorter time from filing to trial.

Relatedly, the *Hirst* matter was pending in this District far longer than the district averages for matters that go to trial in the Northern District of California, even before the recent appellate process began (32 months), yet neither the *Hirst* or *Tapp* matter have proceeded past a Rule 12(b)(6) motion to dismiss, nor has a Rule 26 scheduling conference or order been entered, and full discovery has not yet begun. The speed to trial factor weighs heavily toward being transferred to the Northern District of California in the interest of justice for both the courts and the parties.

### b. Each court's relative familiarity with the relevant law.

Although SkyWest's motion for an MDL suggests that this Court would be best suited to address the relevant law due to the complexities of the airline industry (ECF No. 133-2 at 5), it ignores that this Court has already weighed in—and rejected—most of the various preemption defenses that it suggests are still at play after the appeal (*i.e.*, the Railway Labor Act, the Airline Deregulation Act, and field preemption). *See* Order, ECF No. 63 at 24-30. When the Seventh Circuit reversed this Court's dormant Commerce Clause holding, the application of California, Illinois, Washington, and Arizona laws to flight attendants became the pivotal legal matters of these cases. Of the four states, Plaintiffs allege the most claims on behalf of the most Plaintiffs in the State of California (six claims) and based upon California law. *See Hirst* and *Tapp* Claim Chart above. The fewest claims (one) have been made based on Illinois law. Furthermore, the *Wilson* case that is pending in the Northern District of California adds even more California based plaintiffs and claims. *See Wilson* Claims Chart, Exhibit A.

Although an Illinois district court judge *can* and often does rule on California law, the nature, quantity, and quality of the California claims are better addressed in the Northern District

12

of California. *See, e.g., Schwarz*, 317 F. Supp. 2d at 837; *Morris v. Ernst & Young, LLP*, No. 12 CV 0838 (KMW), 2012 U.S. Dist. LEXIS 129414, at *16 (S.D.N.Y. Sep. 10, 2012) ("All but one of Plaintiffs' claims arise under California law, which, for purposes of this Court's analysis, is more familiar to judges in the Northern District of California."); *Amardeep Garments Indus. PVT, Ltd. v. Cathay Bank*, 2011 U.S. Dist. LEXIS 40170, at *12 (S.D.N.Y. Mar. 23, 2011) ("[I]t may be presumed that California courts are also more familiar with California law than this Court is, and it is clear that California law governs most, if not all, of the claims in Plaintiffs' suit."). And should these cases end up being appealed on the basis of the state wage claims, all but one of the claims (the Illinois Minimum Wage claim) originate in the Ninth Circuit and would be best addressed there. The familiarity of relevant law factor weighs very heavily in favor of transfer to the Northern District of California.

### 4. The limited judicial resources will suffer a significant burden if transfer is denied.

#### a. These cases are an exception to the "First-to-File" rule.

The Seventh Circuit does not rigidly adhere to a "first to file" rule. *Schwarz*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004) (citing *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)). When favored by the interests of justice, later-filed actions may be the ones to lead and an exception may be made.

Here, the *Hirst* and *Tapp* cases have languished for years, in part due to a long series of appeals of a complicated legal issue, the dormant Commerce Clause. At this juncture, with almost all pending claims flowing from the states in the Ninth Circuit and, more specifically, most claims alleged are based on California laws, the factors weigh heavily toward transfer. Further, very few claims are asserted in the Northern District of Illinois. Since this Court has yet to consider the legal merits of any of the state-based legal claims, the interests of justice suggest this is the appropriate

13

time to transfer this matter and the appropriate place to transfer the *Hirst* and *Tapp* matters is to the Northern District of California.

### b. Pendency of a related case in the transferee forum.

Courts in both Illinois and California recognize the importance of considering whether the interests of justice dictate a transfer of venue where there is the pendency of a related case in the transferee forum. *Adair v. Hunt Intern. Res. Corp.*, 526 F. Supp. 736, 742 (N.D. Ill. 1981); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013). The pendency of a related action in another district alone is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties. *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 503 F.2d 384, 386–87 (9th Cir. 1974). Centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments. *Hawkins*, 924 F. Supp. 2d at 1214.

### c. Resolution of through a Section 1404 transfer would eliminate the multidistrict character of this litigation.

When it became clear that SkyWest's motion for a Section 1404(a) transfer of the *Wilson* case was going to fail because that matter could not have been brought in Illinois, SkyWest instead filed a motion to establish an MDL (ECF No. 133), seeking to consolidate the *Wilson* case with *Hirst* and *Tapp* before this Court. But, as the Judicial Panel explained in *Burns v. Gerber Prods. Co.*, "'where a reasonable prospect exists that resolution of [§] 1404 motions could eliminate the multidistrict character of a litigation, transfer under [§] 1404 is preferable.'" 922 F. Supp. 2d 1168 at 1170. As in *Burns*, this transfer motion is unlike a typical binary 'either-or' transfer motion, because absent an MDL, the *Wilson* matter will continue in California.

Although this Court has no control over the *Wilson* case, it can decide whether to transfer the *Tapp* matter back to its original district now that all overlapping FLSA claims have failed. And

14

this Court, likewise, can determine whether transferring the *Hirst* matter to the Northern District of California is appropriate, given the overlapping California claims, the similarities of the litigation to the *Tapp* and *Wilson* matters, and the other factors detailed above. The significant, unnecessary - and ultimately avoidable - burden on limited judicial resources can be avoided through a Section 1404(a) transfer of *Hirst* and *Tapp* to the Northern District of California. *See Burns*, 922 F. Supp. 2d at 1171.

### IV. <u>Conclusion</u>

The public interest and private factors of this case all add up in favor of transferring these actions to the Northern District of California to avoid duplication, conflict, and wasted judicial resources, and would serve both the Plaintiffs and SkyWest more effectively than maintaining competing actions in two districts. With the dismissal of the FLSA claims, the interpretation of state statutes in the context of the flight attendants' working patterns is paramount.

For the foregoing reasons, these actions should be transferred to the Northern District of California under Section 1404(a).

Dated: August 19, 2019          Respectfully submitted,

**GREG COLEMAN LAW PC**

*/s/ Lisa A. White*
Lisa A. White *(pro hac vice)*

Gregory F. Coleman
Lisa A. White *(pro hac vice)*
Adam Edwards *(pro hac vice)*
Mark Silvey *(pro hac vice)*
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com
adam@gregcolemanlaw.com
mark@gregcolemanlaw.com

Edward A. Wallace
eaw@wexlerwallace.com
Tyler J. Story
tjs@wexlerwallace.com
**WEXLER WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

***Attorneys for Plaintiffs and Proposed Class***

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 19, 2019, the foregoing ***Memorandum of Law in Support of Motion 28 USC § 1404(A) Transfer*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to all attorneys properly noticed in the case.

/s/ Lisa A. White
Lisa A. White