# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA HIRST, MOLLY STOVER, and EMILY STROBLE SZE, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 15 C 02036 |
| SKYWEST, INC. and SKYWEST AIRLINES, INC., | ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| CHERYL TAPP, RENEE SITAVICH, SARAH HUDSON, BRANDON COLSON, and BRÜNO LOZANO, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 15 C 11117 |
| SKYWEST, INC. and SKYWEST AIRLINES, INC., | ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought these suits in 2015, challenging SkyWest's "block-time" compensation structure for flight attendants under the Fair Labor Standards Act and wage and hour laws of several states (Arizona, California, Illinois, and Washington). Initially, *Hirst* was filed in the

Northern District of Illinois and *Tapp* in the Northern District of California.[1] The plaintiffs stipulated to transfer *Tapp* to this District. The *Tapp* case was assigned to this Court as related to *Hirst*, and the two cases have thereafter moved in tandem. After first dismissing the plaintiffs' claims without prejudice and permitting repleading, this Court ultimately dismissed all FLSA claims in both cases and held that the Dormant Commerce Clause precluded the plaintiffs' state law wage claims, ECF No. 107. The Court entered final judgment on behalf of SkyWest in November 2017, and the plaintiffs appealed. The Seventh Circuit affirmed the dismissal of the plaintiffs' FLSA claims but reinstated their state law claims. ECF No. 120. The parties filed petitions for writs of certiorari to the United States Supreme Court and requested to stay proceedings pending the Court's ruling on those petitions. ECF Nos. 125, 128. Both petitions were denied, and this Court lifted the stay on June 27, 2019. ECF No. 131.

Meanwhile, in February 2019, another action by SkyWest flight attendants, asserting wage claims under California law, was filed in the Superior Court of San Francisco; SkyWest removed the case to the Northern District of California, *Wilson et al. v. SkyWest et al.*, No. 3:19-CV-01491-VC, and then filed a motion to transfer *Wilson* to the Northern District of Illinois. *Wilson* ECF No. 16. SkyWest withdrew that transfer motion, however, in light of Ninth Circuit authority prohibiting courts from considering the claims of putative class members for purposes of determining venue prior to class certification, *Wilson* ECF Nos. 25, 26. Shortly after this Court lifted the stay of proceedings in *Hirst* and *Tapp*, SkyWest filed a motion with the United States Judicial Panel on Multidistrict Litigation ("JPML"), seeking to establish a multidistrict litigation ("MDL") proceeding comprising the three cases and to transfer *Wilson* to this Court for coordinated pretrial

---

[1] This Order cites to the *Hirst* docket unless otherwise noted.

proceedings. ECF No. 133.[2] Three weeks later, the plaintiffs in both *Hirst* and *Tapp* filed the instant motion to transfer these cases to the Northern District of California, where *Wilson* is pending, for consolidated proceedings in that District. ECF No. 139.

The premise of SkyWest's MDL motion is that consolidation of these three cases in a single forum is necessary because the cases involve similar legal claims arising from a common factual context (the operation of SkyWest's "block-time" compensation structure). "It would be inconvenient and manifestly unfair," SkyWest maintains, to require it "to defend itself against similar claims, brought on behalf of the same employees, on the same theory, in different jurisdictions, potentially resulting in conflicting results." Mem. Supp. MDL Mot. 1, ECF No. 133-2. SkyWest also posits that consolidating the three cases would cure "the inconvenience to the witnesses—on both sides—who would have to repeatedly pause their lives to testify in depositions in multiple jurisdictions 2,000 miles apart." *Id.*

For their part, the *Hirst* and *Tapp* plaintiffs acknowledge "that consolidation in a single location is in the interest of judicial economy and cross-district consistency." Pls.' Mot. Transfer 2, ECF No. 139. There is, then, no dispute between the parties about whether consolidating these cases in a single court is appropriate. The parties agree that these cases should be litigated in one forum—they just disagree about whether that forum should be the Northern District of Illinois or the Northern District of California. And as to that dispute, each side accuses the other of forum shopping, and the Court will address that issue at the threshold.

Are the parties' positions about where the claims asserted in these cases should be resolved influenced by an assessment of where they believe (rightly or wrongly) they are likely to have the

---

[2] A hearing on SkyWest's MDL motion is scheduled before the JPML on September 26, 2019.

3

most success? Of course they are. In this Court, the plaintiffs have lost their leading claim, under FLSA, and had final judgment entered against them (though their state law claims were revived after appeal); it is hardly surprising to find, in light of these setbacks, the plaintiffs advocating for transfer of these cases to a new forum while SkyWest seeks to engineer the transfer of another case to this Court. And here's the proof of the forum-shopping pudding: while each side agrees that the cases should be consolidated in a single forum, neither is willing to accede to consolidation in the preferred forum of the other. No matter the benefits of consolidation, each side prefers a split result—preserving some ability to litigate in the forum of its choosing—to one in which all claims are heard by the Court in the other side's favored venue. SkyWest opposes the plaintiffs' motion regardless of the JPML court's ruling on its MDL motion; the *Hirst* and *Tapp* plaintiffs oppose MDL transfer of *Wilson* to this Court even if one or both of those cases remain in Chicago. Plainly, the parties' respective motions have more to do with how they have fared to date in this Court than with achieving the benefits of consolidation.

In light of this sort of mutual gamesmanship, it is tempting to say: "A pox on both your houses,"[3] and to leave each case right where it is. But while doing so might deny both sides their preferred outcome (consolidation of all three cases in their preferred forum), it would not serve the interests that § 1404(a) is intended to promote. Gamesmanship aside, the Court agrees with the parties that these cases should be resolved in a single forum and that doing so will serve the convenience of the parties and witnesses and the interest of justice. Accordingly, it is incumbent

---

[3] William Shakespeare, Romeo and Juliet act 3, sc. 1 (also quoted as "A plague o' both your houses").

upon this Court to resolve what the parties dispute: whether transferring these cases to the Northern District of California is permitted and warranted under § 1404(a).[4]

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transferring a case under § 1404(a) is appropriate when "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Courts in the Seventh Circuit consider a variety of factors in analyzing when a motion to transfer should be granted. With respect to the "interest of justice," these factors include "docket congestion and likely speed to trial in the transferor and potential transferee forums," each court's "relative familiarity with the relevant law," the "respective desirability of resolving controversies in each locale," and "the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). With respect to the convenience of the parties and witnesses, they include "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Body Sci. LLC v. Bos. Sci. Corp.*, 846 F. Supp. 2d 980, 992 (N.D. Ill. 2012) (citing *Research Automation, Inc.*, 626 F.3d at 978). The "interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Research Automation,*

---

[4] The Court recognizes that, given SkyWest's pending motion before the JPML, this Court's ruling does not finally resolve either the question of consolidation of *Wilson* or the location of a consolidated MDL proceeding.

5

*Inc.*, 626 F.3d at 978. And where venue is improper in the transferee court, the action may not be transferred even if the interest of justice and convenience of the parties and witnesses would favor transfer. *See Aliano v. Quaker Oats Co.*, No. 16-CV-3087, 2017 WL 56638, at *4 (N.D. Ill. Jan. 4, 2017).

For *Hirst*, the inquiry is straightforward. Under § 1404(a), a case may be transferred to any district or division in which it might have been brought or to which all parties have consented. Defendants have indicated that they will not consent to transfer, Defs.' Opp'n to Pls.' Mot. Transfer 6, ECF No. 150, which forecloses one option under § 1404(a). The other is equally unavailing, because *Hirst* could not originally have been brought in the Northern District of California—a fact the plaintiffs effectively concede by their failure to argue otherwise. Venue for the *Hirst* case is improper because *Hirst* brings only Illinois state law claims,[5] *Hirst* Second Am. Compl. ¶¶ 131-53, ECF No. 85, and does not allege that a substantial part of the acts or omissions giving rise to the claims occurred in California.[6] Though the *Hirst* plaintiffs allege claims on behalf of a putative class, *id.* ¶¶ 105-13, for some of whom venue might be proper in the Northern District of California, "the claims of unnamed class members can never make permissible an otherwise

---

[5] The *Hirst* plaintiffs are seeking to amend their complaint to add a claim for failure to pay minimum wages in violation of California law, *see Hirst* Proposed Third Am. Compl. ¶¶ 147-57, ECF No. 137-1. For transfer purposes, however, venue is assessed at the time the initial complaint was filed, not at the time of the motion to transfer or prospectively. *See ESCO Corp. v. Cashman Equip. Co.*, 65 F. Supp. 3d 626, 630 (C.D. Ill. 2014) ("To determine whether an action 'might have been brought' in a particular district, a court must look to the state of the world at the time of filing."). The addition of a claim based on California law, moreover, would strengthen the argument against transferring *Tapp* to California, as it would undermine the argument, discussed below at 11-12, that transfer of *Tapp* would relieve this Court of the burden of addressing any claim brought under California law. If *Hirst* is amended, this Court will face the purportedly daunting task of addressing a California wage claim even if *Tapp* is transferred.

[6] While Ms. Hirst describes an overnight layover and delayed aircraft in a pairing originating in SFO in her complaint, *Hirst* Second Am. Compl. ¶¶ 78-82, ECF No. 85, this incident does not rise to the level of a "substantial part" the of acts or omissions giving rise to claims for venue purposes, particularly as neither of her co-named plaintiffs describe incidents in California.

impermissible venue. Rather, in a class action, the 'events' in question are only those involving the named plaintiffs." *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018). SkyWest ran into this obstacle when it tried to transfer *Wilson* to this District pursuant to § 1404(a); the same rule applies to the plaintiffs. Accordingly, *Hirst* cannot be transferred to the Northern District of California pursuant to § 1404(a).

For *Tapp*, venue poses no problem; venue is proper either in the Northern District of California, where the case was originally brought, or in the Northern District of Illinois, transfer to which all parties consented. Nevertheless, that *Hirst* must remain in Chicago weighs strongly against transferring *Tapp* back to the Northern District of California. As noted, the premise of the plaintiffs' § 1404(a) motion is that all three cases should be resolved in San Francisco, but that simply will not happen given the absence of venue for *Hirst* and SkyWest's lack of consent.

As noted, despite their acknowledgment that all three of these cases should be resolved together, the plaintiffs reply to what they deem SkyWest's intransigence with like obstinacy. *Tapp*, they contend, should be transferred to the Northern District of California even if *Hirst* remains in Chicago. Before addressing the substance of that argument, it bears noting that the plaintiffs' motion does not actually request transfer of *Tapp* alone; the plaintiffs' motion seeks transfer of both cases and the arguments in support of the motion in their opening brief are all addressed to the merits of transferring both cases to the court in which the *Wilson* case is pending. Only after SkyWest responded to the motion—by pointing out that *Hirst* cannot be transferred to the Northern District of California because there is no venue in that district and by refusing to consent to transfer *Hirst*—did the plaintiffs change their ask; now, they request only the transfer of *Tapp* under § 1404(a) and that SkyWest be "strongly encouraged to consent to the transfer of [the] *Hirst* case with *Tapp*." Reply Supp. Pls.' Mot. Transfer 11, ECF No. 152. The plaintiffs' arguments extolling

7

the benefits of having all three cases resolved in the Northern District of California have similarly morphed into arguments that transferring only the *Tapp* case yields the same benefits, notwithstanding that *Hirst* remains pending in Chicago.

So it is to consideration of that question—whether transfer of *Tapp* alone is warranted under § 1404(a)—that the Court turns. The § 1404(a) analysis turns on the Court's assessment of the convenience factors and the interest of justice. District courts have a great deal of discretion in assessing transfer factors, as weighing these considerations "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

With respect to the convenience factors, the *Tapp* plaintiffs' first choice of venue was the Northern District of California, and ordinarily a plaintiff's choice of forum deserves significant weight in determining whether to transfer a case under § 1404(a). In this case, however, the plaintiffs' choice of forum merits much less consideration. For starters, this is a putative class action, and "a plaintiff's choice of forum is afforded less deference when the plaintiff represents a class." *Lafleur v. Dollar Tree Stores, Inc.*, No. 11-CV-8473, 2012 WL 2280090, at *3 (N.D. Ill. June 18, 2012). More significant still, the *Tapp* plaintiffs stipulated to transfer to the Northern District of Illinois so that *Tapp* could be consolidated with *Hirst*. Their stipulation belies their arguments about how decisively the relevant convenience factors and interest of justice favor transferring the case; those arguments were equally availing four years ago, when the *Tapp* plaintiffs agreed to the transfer to this District, but at that point the *Tapp* plaintiffs did not find them of sufficient concern to object to the transfer of venue to this Court. The plaintiffs' agreement to transfer their claims to this Court significantly diminishes the weight to be accorded to their original choice of forum.

The *Tapp* plaintiffs say that they should not be bound by their original stipulation, because circumstances have unforeseeably changed. That assertion misses the point. Even assuming that the *Tapp* plaintiffs are not precluded by their stipulation from seeking a return to the court in which they originally filed their claims, their agreement to transfer their claims to this District weakens their argument that the convenience factors and the interest of justice favor litigating the case in the transferor district. Their claim that these factors now decisively weigh in favor of returning the case to the Northern District of California when they did not at the outset of the case rings hollow. What has changed? As the plaintiffs assert in their opposition to SkyWest's MDL motion, "virtually all that has been accomplished" in this District is the dismissal of their FLSA claims. Resp. in Opp. 3, ECF No. 14 (MDL 2916). But dismissal of the FLSA claims hardly qualifies as an "unforeseeable," "unanticipatable," or "unanticipated post-transfer event," Reply Supp. Pls.' Mot. Transfer 4-5, ECF No. 152, and does not warrant returning the case to the transferor district after almost four years of litigation. A motion to dismiss all of the *Hirst* claims was already pending when the *Tapp* plaintiffs agreed to transfer their claims, but the possibility that the FLSA claims might not survive plainly did not then outweigh the advantages of litigating both cases in this District. That the possibility came to pass does not warrant sending the case back to the transferor court.

Nor does the filing of the *Wilson* case qualify as a changed circumstance that warrants a do-over of the *Tapp* plaintiffs' decision to stipulate to the transfer of their claims. The possibility of additional cases against SkyWest was obviously known to the *Tapp* plaintiffs when they agreed to transfer their claims to this Court—they were themselves latecomers to the party, filing their claims in a new suit some eight months after the *Hirst* plaintiffs filed the initial suit against SkyWest. The prospect that others might do the same was therefore patent and the fact that an

additional suit was filed does not credibly explain why the *Tapp* plaintiffs' evaluation of the § 1404(a) factors would be materially changed.

Moving on to the situs of material events and access to sources of proof, neither moves the needle significantly in one direction or the other. As flight attendants, plaintiffs' allegations arise from events all over the country, and they bring wage and hour claims under the laws of multiple states such that no one locale predominates. Similarly, "[w]ith the advent of electronic discovery, where records are actually stored is less of a factor because documents now are easily scanned, stored, and electronically transmitted and moving them no longer creates the onerous burden it may once have imposed." *Camarena v. Vanderbilt Mortg. & Fin., Inc.*, No. 15-CV-00656, 2015 WL 4036258, at *3 (N.D. Ill. July 1, 2015). Plaintiffs note in their motion that "[m]ost of the evidence and proof in these matters is likely to be testimonial or scheduling and payroll documents that . . . are easily accessible electronically," Mem. Supp. Pls.' Mot. Transfer 9, ECF No. 140, and therefore this factor is a wash.

A party moving for transfer "has the burden of showing that the transferee forum is clearly more convenient" and must "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony" will include. *Heller Fin., Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (internal quotation marks omitted). The convenience of non-party witnesses is afforded greater weight than the convenience of parties. *See Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). In their motion, the *Tapp* plaintiffs refer generally to "current or former SkyWest employees and supervisors" as witnesses, "many of whom are likely to be employed at its California bases or in St. George, Utah at SkyWest's headquarters." Mem. Supp. Pls.' Mot. Transfer 9, ECF No. 140. While plaintiffs correctly note that the distance between Utah and California is shorter than that between Utah and Illinois, they

10

do not describe who, in particular, their key witnesses will be, and the Court expects that air travel to either location will not be unduly burdensome—particularly for flight attendants and other airline employees. Moreover, as *Hirst* and *Wilson* will continue to be litigated in separate districts (unless SkyWest's MDL motion is granted), SkyWest's pay practices will be litigated in both venues, and the location of *Tapp* will not materially change the (in)convenience the parties or witnesses face. *See Qurio Holdings, Inc. v. DIRECTV, LLC*, No. 14-CV-7502, 2015 WL 1943278, at *5 (N.D. Ill. Apr. 29, 2015) (holding that a difference in airline ticket costs, though not insubstantial, would not unduly impact defendants' efforts to mount a response and that plaintiffs' claimed difficulties litigating in multiple districts were unavailing when plaintiffs chose to file their cases in a district that was itself a significant distance to travel).

As for the interest of justice factors, that *Hirst* and *Tapp* have been pending in this Court and this Circuit, and actively litigated, for almost four years cannot lightly be dismissed. "Generally, a motion to transfer should be made early in the proceeding," *Bd. of Trustees of the Auto. Mechanics' Local No. 701 Union & Industry Welfare Fund v. Brown*, No. 12-CV-10268, 2014 WL 4057367, at *4 (N.D. Ill. Aug. 14, 2014), as familiarity with both the procedural and substantive aspects of the case is lost with a transfer to another court. And perhaps more importantly, and as this matter illustrates, motions to transfer filed after significant rulings have been made are more likely to be animated by forum shopping and to result in procedural jockeying that delays the resolution of claims, increases the costs of litigation, and burdens judicial dockets.[7]

---

[7] With respect to dockets, the parties note that the dockets of courts in the Northern District of Illinois and the Northern District of California are relatively similar in terms of congestion, and therefore this factor does not weigh heavily in either direction, *see* Mem. Supp. Pls.' Mot. Transfer 11-12, ECF No. 140; Defs.' Opp'n to Pls.' Mot. Transfer 12, ECF No. 150. In any event, the comparison between average case duration to the actual duration of the *Hirst* and *Tapp* cases is inapt. Suffice to say that these putative class actions, involving legal issues all parties regard as

As SkyWest points out, this Court has developed substantial familiarity with SkyWest's compensation practices and the airline industry generally that weighs substantially against transfer. The plaintiffs counter that this Court has no familiarity with the state wage laws on which the non-Illinois plaintiffs base their claims, but that is not entirely accurate. While it is true enough, as the plaintiffs emphasize, that this Court has not yet resolved the merits of the claims under wage laws of California, Arizona, or Washington, that does not mean that the Court has not reviewed relevant state wage laws in the two rounds of briefing on motions to dismiss, or that they had no relevance to the Court's dismissal of the state law claims based on the Dormant Commerce Clause. *See* Mem. Op. 23-28, ECF No. 107 (discussing Illinois, California, and Washington wage laws in the context of evaluating burdens imposed on interstate commerce). Moreover, the canard that federal judges have materially greater facility resolving claims based on the law of the state in which they sit is oft-repeated but deserves little credence in an era of access to online research databases and electronic dockets. Facing unfamiliar state law claims is business as usual in the federal courts and warrants little, if any, weight in assessing whether the interest of justice favors the transfer of a case to another district. We all have access to Westlaw.

The plaintiffs also argue that the similarity between the claims in *Tapp* and in *Wilson*, now pending in the Northern District of California, should weigh in favor of transferring *Tapp* back to California. As it stands, *Tapp* and *Wilson* share two claims: failure to provide itemized wage statements under the California Labor Code and violations of the California Unfair Competition Law.[8] *See* Claims Chart for *Hirst*, *Tapp*, and *Wilson*, ECF No. 140-2. If *Tapp*'s claims were solely

---

sufficiently weighty to seek certiorari after obtaining a mixed result in the Court of Appeals, are not "average" cases in this District (nor, likely, in the Northern District of California).

[8] If the *Tapp* plaintiffs were permitted to amend their complaint, they would have one additional claim in common with *Wilson*, for a total of three out of ten claims. *See Tapp* Proposed Second Am. Compl. ¶¶ 181-89, *Tapp* ECF No. 125-1.

based on California law, the case for transfer might be stronger; however, *Tapp* includes Arizona and Washington law claims, and simply being closer to California does not render these claims more at home than they would be here. *Cf. Lafleur*, 2012 WL 2280090, at *6 ("Plaintiffs' state claims involve the wage and hour laws of [several states], such that any judge presiding over this matter faces the same learning curve. Judges in either district are equally competent to preside over these matters . . . ."). Given that plaintiffs' claims arise under the laws of multiple states, the Court does not find that a single local interest predominates in these cases, particularly as the incidents alleged necessarily involve a great deal of travel.

In sum, the Court concludes that the plaintiffs have not shown that California is clearly more convenient than Illinois to adjudicate the claims in *Tapp*. And because neither *Hirst* nor *Wilson* can be transferred pursuant to § 1404(a), transferring *Tapp* will not significantly change the circumstances under which SkyWest's compensation structure is litigated; substantial efficiencies and decisional consistency are most likely to be achieved if all three cases are handled in the same forum. As noted at the outset, on this the parties, and this Court, agree. As that end cannot be achieved by means of § 1404(a), however, the decision as to whether to consolidate these cases and, if so, where, is for the JPML. To be clear, however, this Court views consolidation of these cases to be of greater moment than the location of a consolidated proceeding. Consolidation, whether in this District or the Northern District of California, is preferable to proceeding in both.

\* \* \* \* \*

For the foregoing reasons, the plaintiffs' motions to transfer are denied. The parties are directed to proceed with the briefing schedules set for the plaintiffs' motion for leave to file an amended operative complaint and the defendants' consolidated motion to dismiss.

Date: September 24, 2019

John J. Tharp, Jr.
United States District Judge